# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

ROBERT PEDEN,                         )
                                      )
            Plaintiff,                )
v.                                    )   No.: 15-cv-4164-MMM
                                      )
DONALD STALWORTH, et al.,             )
                                      )
            Defendants.               )

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action against defendants at the Henry Hill Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff is a Bata Hebrew Israelite who keeps a kosher diet. He alleges that Defendants have violated his First and Eighth Amendment rights as well as his rights under the Religious Land Use and Institutionalized Person Act (RLUIPA), as related to his diet.[1] Plaintiff claims that some of the brunch meals he receives contain non-kosher items. He also alleges that those meals

---

[1] 42 U.S.C. §§ 2000cc to 2000cc-5.

1

which are otherwise kosher are not prepared in "strict" conformity to dietary laws as they are not prepared in a separate kosher area, there is no separate area for washing pots and pans, and meal preparation is supervised by a non-Jew.

Plaintiff's Eighth Amendment claim concerns the Brunch Program initiated by the Warden on "December 30th", no year being specified. Under the Brunch Program, prisoners are fed two, rather than 3 meals a day. Plaintiff claims that this program does not provide adequate calories and nutrition. He claims to have gone from 225 lbs. to 174 lbs. in a 22 ½-month period. As indicated, he also complains that the food on the brunch trays is not always kosher and, when he is served non-kosher food which he cannot eat, he must wait 16-17 hours for the next meal.

Lastly, Plaintiff alleges that he receives meals containing eggs and egg by-products to which he is allergic. Plaintiff filed a grievance with his counselor regarding the alleged failure to accommodate his food allergies. He asserts that food supervisor Brown told him that IDOC does not "recognize" food allergies. Plaintiff thereafter complained to Defendant Winstead, the Dietary Manager, but obtained no relief.

Plaintiff names former IDOC Director Donald Stalworth, current Director Gladyes Taylor, former Warden Kevwe Akpore, current Warden Stephanie Dorethy, Assistant Warden Allen Henderson, Chaplain Manuel Rojas, Dietary Manager Winstead and Food Supervisor Brown. He requests injunctive relief; including the establishment of a separate Hebrew Israelite dietary department with ritual supervision, as well as compensatory and punitive damages.

Prisoners have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). In addition, RLUIPA provides that prison officials may not substantially burden religious exercise unless there is a

2

compelling government interest at stake. If such an interest exists, prison officials must use the least restrictive means of achieving it. 42 U.S.C. § 2000cc-1(a). RLUIPA allows for injunctive relief, not money damages and for official capacity, but not personal capacity, claims. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).

Plaintiff's First Amendment claim concerns his complaints about the lack of strict kosher food preparation, meals contain some non-kosher items, and the Brunch Program which does not provide enough food and nutrition. While it is not clear whether Plaintiff can successfully maintain a claim for stricter ritual food preparation, he has stated enough for the First Amendment claim to go forward. *See Andreola v. Wisconsin*, 171 Fed. Appx. 514, 515-16 (7th Cir. 2006) ("the first amendment does not require prisons to accommodate every element of each inmate's faith; there are so many variations that the enterprise would be both costly and unavailing (for perfect implementation cannot be assured at any cost)".

The Court finds that Warden Dorethy is properly named in the First Amendment claim as she allegedly initiated the Brunch Program. Additionally, Dietary Manager Winstead and Food Supervisor Brown have potential liability for providing food which is not kosher. Former Warden Akpore, Assistant Warden Henderson and Chaplain Rojas, however, have no personal liability as to these claims and they are DISMISSED as to this Count. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged).

Plaintiff's RLUIPA claim for injunctive relief names former Director Stalworth, current Director Taylor, former Warden Akpore, Warden Dorethy, Assistant Warden Henderson, Dietary Manager Winstead, Chaplain Rojas and Food Supervisor Brown. The only named Defendant who appears to have both personally participated in the alleged infringement and to have the

authority to enforce any injunctive relief which might be ordered, is Warden Dorethy. *See Subil v. Sheriff of Porter County*, No. 04-0257, 2008 WL 4690988, at *7 (N.D. Ind. Oct. 22, 2008) (official who established complained-of kosher meal policy, not subordinate, has personal involvement for purposes of § 1983). She shall remain in this claim in her official capacity. The other Defendants are DISMISSED as to the RLUIPA claim.

Plaintiff's Eighth Amendment claim against Defendants Stalworth, Taylor, Akpore, Dorethy, Henderson, Winstead, Rojas and Brown alleges that he is not receiving adequate nutrition under the Brunch Program and that his food allergies are not being accommodated. The Eighth Amendment protects against conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984 (7th Cir. 2012). The denial of food is not a *per se* constitutional violation and a court "must assess the amount and duration of the deprivation." *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999).

Here, Plaintiff claims that he has lost weight and is not receiving adequate nutrition due to the two meal Brunch Program, and that he is being sickened by egg-containing food. Many of the Defendants he names, however, have not personally participated in the alleged deprivation. Plaintiff fails to state a claim against Defendants Henderson, Taylor, Akpore and Rojas merely because they have supervisory roles over others. In addition, he fails to state a claim against these Defendants for their being on notice that he had filed grievances regarding his diet. Section 1983 liability is predicated upon fault; "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* —supervisor liability—is not applicable to Section 1983 actions. *Sanville v.*

*McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)).

While Plaintiff claims that he has written to various Defendants and that former Director Stalworth was 'informed' of his complaints, this is not enough to establish Defendants' personal participation  See *Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if (the plaintiff) wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely be sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

Plaintiff, therefore, states an Eighth Amendment claims against Defendants Dorethy, Winstead and Brown, only.  The Eighth Amendment claim against the other Defendants is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on a First Amendment claim against Defendants Dorethy, Winstead and Brown; a RLUIPA claim against Defendant Dorethy; and an Eighth Amendment claims against Defendants Dorethy, Winstead and Brown.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Stalworth, Taylor, Akpore, Henderson and Rojas are DISMISSED.

2. Plaintiff's Motion for Counsel [5], is DENIED, with leave to reassert as this case proceeds to trial.  Plaintiff's  Motions for Status [6] and [7] and request for a Merit Review Hearing [8], are rendered MOOT by this Order.

3.      The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

\_\_4/8/2016\_\_        s/ Michael M. Mihm
ENTERED           MICHAEL M. MIHM
                  UNITED STATES DISTRICT JUDGE